SUMMARY ORDER
Appellant 129 Front Street Associates, Inc. appeals from a judgment of the District Court entered October 30, 2006, affirming an order of the United States Bankruptcy Court for the Southern District of New York (Cornelius Blackshear, Bankruptcy Judge) entered July 27, 2004.* See In re Target Two Assoc., L.P., No. 04 Civ. 8657, 2006 WL 3068668 (S.D.N.Y. Oct. 27, 2006). The Bankruptcy Court’s order permitted the transfer of certain escrow funds of appellant to the debtor, following appellant’s default on its bid to purchase one of the debtor’s assets. We assume the parties’ familiarity with the facts and procedural history of the case. On appeal, appellant’s principal argument is that the Bankruptcy Court and the District Court erred by refusing to exercise them equitable powers to relieve appellant from the forfeiture of the escrow funds.
In evaluating an appeal from a district court’s review of a bankruptcy court decision, we conduct an “independent and plenary review” of the bankruptcy court’s decision, upholding factual findings unless they are clearly erroneous and reviewing legal conclusions de novo. In re Bethlehem Steel Corp., 479 F.3d 167, 172 (2d Cir.2007). We review a bankruptcy court’s decision to grant or deny equitable relief for abuse of discretion. See, e.g., In re Flanagan, 503 F.3d 171, 180 (2d Cir.2007).
Upon review of the decisions of the Bankruptcy Court and the District Court, the relevant law, and the record in this case, we find no abuse of discretion in the refusal to exercise the courts’ powers of equity to relieve appellant of the forfeiture of the escrow funds. Appellant has not demonstrated that the decisions of the Bankruptcy Court rested on the application of a wrong legal principle or a clearly erroneous factual finding. See Zervos v. Verizon New York, Inc., 252 F.3d 163, 169 (2d Cir.2001). The Bankruptcy Court’s weighing of the equities in the case appears to be sound, and its decision not to exercise its equitable powers in appellant’s favor certainly “falls within a range of permissible decisions.” Id. As the Bankruptcy Court determined, the bid procedures were clear, and appellant “willing[ly] and knowing[ly] assum[ed] the risk of loss” of its escrow funds. In re Target Two Assocs., 2006 WL 3068668, at *4 (quoting the oral decision of the Bankruptcy Court to enforce the forfeiture order). The Bankruptcy Court’s decision to “strictly construe” the bid procedures in the absence of evidence of inequitable results was entirely appropriate. Id. We find appellant’s other claims to be without merit.
For the reasons stated above, the decision of the District Court is AFFIRMED.

 On remand from the District Court, the case was transferred to Judge James M. Peck, following the retirement of Judge Blackshear. See In re Target Two Assocs., LP, No. 04 Civ. 8657, 2006 WL 3068668, *4 (S.D.N.Y. Oct.27, 2006). Judge Peck conducted a evidentiary hearing, and in an oral ruling declined to disturb the previous order entered by Judge Blackshear. Id.